IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:08CR460 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| JESUS PERDOMA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's objection, Filing No. 29, to Magistrate Judge Thomas D. Thalken's report and recommendation ("R&R"), Filing No. 28. The magistrate judge recommends that this court deny the defendant's motion to suppress evidence and statements obtained during his stop, search, and arrest at the Greyhound bus station in Omaha, Nebraska, on Nov. 17, 2008, Filing No. 16. The defendant is charged with possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, in violation of 21 U.S.C. § 841(b)(1).

Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* determination of those portions of the R&R to which the defendant objects. *United States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003). The court has reviewed the record, including the transcript of the suppression hearing. Filing No. 27, Transcript. The court finds the magistrate judge's recitation of the facts accurately represents the testimony adduced at the March 3, 2009, hearing. Briefly, the evidence shows that Nebraska State Patrol Investigator Alan Eberle observed the defendant purchase a ticket and then approached him to ask some questions and for identification. *Id.* at 6-8. Investigator Eberle testified that when he approached the defendant, he "could detect the odor of marijuana coming from his person." *Id.* at 10. Investigator Eberle asked the defendant for identification and the defendant stated he did not

have any, although the officer had observed him produce identification at the ticket counter. *Id.* at 7, 10. When the officer asked to see the defendant's wallet, the defendant turned and ran. *Id.* at 12. Eberle and another officer chased the defendant and then "used the force necessary to effect the detention of him to get him in restraints." *Id.* The defendant was taken to the rear baggage terminal and searched. *Id.* Officer Eberle found approximately four ounces of marijuana in the defendant's pocket. *Id.* at 13. Another officer conducted a search of the defendant's bag and found approximately one pound of methamphetamine. *Id.* Officer Eberle testified that he arrested the defendant for "obstructing, along with resisting" and searched him "incident to arrest." *Id*. at 43.

The magistrate judge found that the defendant at first engaged in a consensual conversation with the officer but that "almost immediately the contact transformed into an investigatory detention." Filing No. 28, R&R at 6. He found that the officer was legally justified in detaining the defendant based on the odor of marijuana, which provided reasonable suspicion of criminal activity. *Id.* The magistrate judge found "Perdoma did not attempt to peaceably terminate the encounter, rather Perdoma suddenly turned and ran away," thus creating probable cause to arrest him for obstructing a peace officer, in violation of Neb. Rev. Stat. § 28-906(1). *Id.* at 5. With respect to the search of the bag, the magistrate judge acknowledged the defendant's argument that the search of the bag was not based on the discovery of marijuana in Perdoma's pocket since both searches occurred simultaneously, but found that the officer "could have permissibly arrested Perdoma based on his conduct of obstructing a police officer and searched him incident to that arrest," citing *Chimel v. California,* 395 U.S. 752 (1969). *Id.* at 8-9.

The court requested additional briefing on the issue of whether the recent decision of the United States Supreme Court in *Arizona v. Gant,* — U.S. —, 129 S. Ct. 1710 (2009)

2

affects the issue of the reasonableness of the search of the defendant's carry-on bag in this case. In *Gant*, the Supreme Court held that police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle. *Id.* at 1713. "When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies." *Id.* The defendant contends that the Supreme Court's holding in *Gant* is applicable in the present circumstances. The government, on the other hand, argues that *Gant* has no effect on the case because the search does not involve an automobile, and that, even if *Gant* were applicable, it was reasonable for the officer to look in the bag for drug-related evidence after detecting the odor of marijuana. In light of the *Gant* decision, the court must conclude that the magistrate judge's reliance on the "search incident to arrest" exception to the warrant requirement to justify the search of the defendant's bag is erroneous and contrary to law. Post-*Gant*, the "search incident to arrest" exception, rooted in "interests in officer safety and evidence preservation that are typically implicated in arrest situations," cannot legitimize a warrantless search in the absence of a need to protect officers and safeguard evidence. *Gant*, — U.S. —, —, 129 S. Ct. 1710, 1716 (Apr. 21, 2009). However, on *de novo* review of the record, the court finds that the defendant's motion to suppress should nevertheless be denied. Because the officer smelled marijuana on the defendant, it was reasonable for the officer to believe the defendant's bag would contain evidence of a drug crime. Moreover, the defendant committed a law violation in the officers' presence by obstructing the officers and providing false information. In this circuit, "resistance to an illegal arrest can furnish grounds for a second, legitimate arrest." *United States v. Sledge*, 460 F.3d 963, 966 (8th Cir. 2006) (stating "[t]he

3

mere act of running away from law enforcement officers constitutes physical interference or obstacle within the meaning of [the obstructing a peace officer statute].") The defendant's attempt to flee justified a pat-down search once he was apprehended and arrested, which led to the discovery of marijuana on his person. "[I]n the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." *United States v. Robinson,* 414 U.S. 218, 235 (1973); *see also* Thornton v. United States, 541 U.S. 615, 632-33 (2004) (Scalia, J., concurring) (stating with respect to the search of an arrestee's person that "the fact of arrest alone justifies the search"); *Gant*, — U.S. at —, 129 S. Ct. at 1721 (concluding that searches permitted by Justice Scalia's concurring opinion in *Thornton* are reasonable for purposes of the Fourth Amendment). The discovery of the marijuana in the defendant's pocket provided additional support for the officers' reasonable belief that further evidence of a drug offense would be found in the defendant's bag.

IT IS ORDERED:

1. The defendants' objection (Filing No. 29) to the report and recommendation of the magistrate judge is overruled.

2. The report and recommendation of the magistrate judge (Filing No. 28) is adopted in part and rejected in part.

3. The defendant's motion to suppress (Filing No. 16) is denied.

DATED this 22nd day of May, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge